UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

JANE DOE (C.C.),

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff hereby sues Defendant and allege as follows:

### JURISDICTIONAL AND PRELIMINARY ALLEGATIONS

1. The Plaintiff, JANE DOE (C.C.), is a U.S. citizen and resident of Texas.

2. Defendant, CARNIVAL CORPORATION, is a foreign entity incorporated in Panama with its principal place of business in Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. At all times material hereto, Defendant personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Committed one or more of the acts stated in Florida Statute §§ 48.081, 48.181 and/or 48.193;

    e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

    f. Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard their vessels.

5. Defendant is subject to the jurisdiction of the Courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## FACTS COMMON TO ALL COUNTS

7. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, the *Carnival Dream* (the "vessel").

8. At all times material hereto, Defendant employed and controlled an employee aboard the vessel whose first name is believed to be Eric (the "Assailant") (last name currently unknown).

9. At all times material hereto, the Assailant was a member of the crew as a staff captain aboard the vessel and was acting in the course and scope of his employment.

10. On or about February 15, 2020, the Plaintiff was a paying passenger aboard the vessel, which was in navigable waters.

### Subject Incident

11. On or about February 15, 2020, the Plaintiff was at a common area bar, and the Assailant began talking to the Plaintiff.

12. Shortly thereafter, the Assailant led Plaintiff onto a secluded balcony, and then a private room, where he proceeded to sexually assault the Plaintiff.

13. The subject incident occurred after a port stop in Cozumel while on the vessel, and the Plaintiff believes the Assailant targeted her.

### Defendant's Notice

14. At all times material hereto, Defendant knew or should have known a sexual assault and/or rape was reasonably foreseeable considering the prevalence of sexual assaults aboard Defendant's vessels. Pursuant to the Secretary of Transportation's statistical compilation of shipboard incidents, there were a total of 150 sexual assaults reported on Defendant's vessels between 2015 and 2019 – 133 of which were sexual assaults committed against passengers, like Plaintiff. These shipboard incidents are reported by Defendant directly to the Secretary of Transportation and/or the Federal Bureau of Investigation.

15. As the Eleventh Circuit recently acknowledged in the matter of *K.T. v. Royal Caribbean Cruises, Ltd.*, 931 F.3d 1041 (11th Cir. 2019), in addition to the foregoing reported incidents, "[t]he reports [the Eleventh Circuit] cited in *Doe v. Princess Cruise Lines, Ltd.*, 657 F.3d 1204 (11th Cir. 2011), also support [plaintiff's] allegations that Royal Caribbean was on notice a decade before [plaintiff's] cruise that sexual assaults on cruise ships were a serious problem." *Id.* at 1049.

16. At all times material hereto, instances of rapes and/or sexual assaults occur aboard Defendant's vessels at an alarming rate. Yet Defendant fails to take adequate steps or provide adequate security and/or training and/or supervision to prevent such rapes and/or sexual assaults, and fails to warn its passengers of the growing epidemic of rape and sexual assault at sea. Defendant's motive for failing to warn its passengers is financial in nature; that is, Defendant willfully chooses not to warn its passengers about rapes and sexual assaults aboard its ships so as not to scare any prospective passengers away. Such willful and outrageous conduct on the part of

- 3 -

L I P C O N ,   M A R G U L I E S ,   A L S I N A   &   W I N K L E M A N ,   P . A .

the Defendant exposes Defendant to punitive damages. *See Lobegeiger v. Celebrity Cruises, Inc.*, 11-21620, 2011 WL 3703329, 2011 U.S. Dist. LEXIS 93933 (S.D. Fla Aug. 23, 2011).

## COUNT I – STRICT VICARIOUS LIABILITY FOR RAPE / SEXUAL ASSAULT

The Plaintiff realleges, incorporates by reference, and adopts the allegations set forth in paragraphs one (1) through sixteen (16) as though alleged originally herein.

17. On or about the above date, the Plaintiff was sexually assaulted by the Assailant aboard the vessel.

18. At all times material hereto, the Assailant was hired, retained and/or employed by Defendant.

19. At all times material hereto, the Assailant was a member of the crew aboard the vessel owned and/or operated by Defendant.

20. At all times material hereto, Defendant was and is vicariously liable for the tortious actions of its crewmembers/employees, including the Assailant.

21. As a direct and proximate result of the tortious actions of the Assailant, for which Defendant is vicariously liable, the Plaintiff was injured about Plaintiff's body and extremity, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

- 5 -

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law and demands trial by jury.

## COUNT II – NEGLIGENT FAILURE TO WARN

The Plaintiff realleges, incorporates by reference, and adopts the allegations set forth in paragraphs one (1) through sixteen (16) as though alleged originally herein.

22. At all times material hereto, it was the duty of Defendant to provide the Plaintiff with reasonable care under the circumstances while Plaintiff was a passenger aboard the vessel.

23. At all times material hereto, it was the duty of Defendant to warn passengers (like Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like Plaintiff) are invited to or may reasonably be expected to visit.

24. On or about the above date, the Plaintiff was in public areas aboard the vessel, which are places Plaintiff was invited to by Defendant and places Defendant reasonably expected Plaintiff to be in during the cruise.

25. On or about the above date, Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

   a. Failure to warn passengers of the prevalence and/or dangers of sexual assaults aboard Defendant's vessels; and/or

   b. Failure to warn passengers of the prevalence and/or dangers of being followed and/or targeted aboard Defendant's vessels; and/or

   c. Failure to warn passengers of the prevalence and/or dangers of being followed and/or targeted by workers aboard Defendant's vessels; and/or

   d. Failure to warn passengers of the lack of adequate security aboard the vessel.

26. The above acts and/or omissions caused and/or contributed to the Plaintiff being sexually assaulted because Plaintiff would not have gone on the cruise and/or been alone had Defendant and/or its agents, servants, and/or employees adequately warned and/or communicated the foregoing to passengers, including the Plaintiff.

27. At all times material hereto, Defendant knew or should have known of the foregoing conditions causing the subject sexual assault and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. This knowledge was or should have been acquired through prior incidents and/or the prevalence of sexual assaults aboard Defendant's cruise ships (as alleged in paragraphs 14-15), which did or should have revealed that a sexual assault and/or rape was reasonably foreseeable. In addition, Defendant was on notice and/or created the dangerous conditions by the lack of warnings and/or supervision and/or security and/or training.

28. As a direct and proximate result of Defendant's negligence, the Plaintiff was injured about Plaintiff's body and extremity, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law and demands trial by jury.

## COUNT III – NEGLIGENT SECURITY

The Plaintiff realleges, incorporates by reference, and adopts the allegations set forth in paragraphs one (1) through sixteen (16) as though alleged originally herein.

29. At all times material hereto, it was the duty of Defendant to provide the Plaintiff with reasonable care under the circumstances while Plaintiff was a passenger aboard the vessel.

30. At all times material hereto, it was the duty of Defendant to provide reasonable security and/or implement reasonable security measures aboard the vessel.

31. At all times material hereto, Defendant voluntarily undertook and/or assumed the duty of security by retaining crewmembers to serve as security officers about the vessel and/or advertising its onboard security.  For instance, Defendant's website states as follows:

> The safety and security of our guests is our top priority. Our excellent record of safe operation throughout Carnival's 40-plus year history, and the comprehensive safety standards we continue to live up to every day, proves that commitment.... Here are just a few examples of what we do to ensure a safe environment for our guests and crew members, while maintaining our excellent record of safety:
>
> - All Carnival officers and crew undergo comprehensive regular safety and emergency training that meets or exceeds all regulatory requirements.
>
> - Our crew members undergo specific training to… help our guests.
>
> *See* https://www.carnival.com/legal/safety-security.aspx.

32. On or about the above date, Defendant and/or its agents, servants and/or employees breached its duty to the Plaintiff through the following acts and/or omissions:

   a. Failure to provide adequate supervision and/or security in public areas aboard the vessel, including, but not limited to, passenger cabin hallways; and/or

   b. Failure to provide adequate supervision and/or security to protect passengers aboard the vessel; and/or

    c. Failure to provide adequate supervision and/or security presence aboard the vessel so as to deter sexual assaults aboard the vessel; and/or

    d. Failure to provide adequate supervision and/or security presence aboard the vessel so as to prevent passengers from being followed, targeted, and/or sexually assaulted aboard the vessel; and/or

    e. Failure to adequately supervise individuals working aboard the vessel to ensure they do not follow, target, and/or sexually assault passengers; and/or

    f. Failure to adequately monitor passengers aboard the vessel; and/or

    g. Failure to protect passengers from sexual assaults aboard the vessel; and/or

    h. Failure to maintain and/or monitor security cameras on the vessel in order to identify potential dangerous situations, incidents, and/or passengers; and/or

    i. Failure to promulgate and/or enforce adequate policies and procedures to provide for the monitoring of public areas aboard the vessel, including, but not limited to, passenger cabin hallways; and/or

    j. Failure to promulgate and/or enforce adequate policies and procedures to provide adequate security to prevent passengers from being followed, targeted, and/or sexually assaulted aboard the vessel; and/or

    k. Failure to have adequate security aboard the vessel; and/or

    l. Failure to adequately train security; and/or

    m. Failure to adequately supervise security.

33. The above acts and/or omissions caused and/or contributed to the subject incident because, had Defendant provided reasonable security and/or implemented reasonable security measures

consistent with the foregoing, the Plaintiff would not have been sexually assaulted aboard the vessel.

34. At all times material hereto, Defendant knew or should have known of the foregoing conditions causing the subject sexual assault and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. This knowledge was or should have been acquired through prior incidents and/or the prevalence of sexual assaults aboard Defendant's cruise ships (as alleged in paragraphs 14-15), which did or should have revealed that a sexual assault and/or rape was reasonably foreseeable. In addition, Defendant was on notice and/or created the dangerous conditions by the lack of warnings and/or supervision and/or security and/or training.

35. As a direct and proximate result of Defendant's negligence, the Plaintiff was injured about Plaintiff's body and extremity, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law and demands trial by jury.

## COUNT IV – GENERAL NEGLIGENCE

The Plaintiff realleges, incorporates by reference, and adopts the allegations set forth in paragraphs one (1) through sixteen (16) as though alleged originally herein.

36. At all times material hereto, it was the duty of Defendant to provide the Plaintiff with reasonable care under the circumstances while Plaintiff was a passenger aboard the vessel.

37. On or about the above date, Defendant, its agents and/or employees, breached its duty to exercise reasonable care, based on the following acts and/or omissions:

   a. Failure to provide reasonably safe conditions for the Plaintiff during the voyage aboard the vessel (reasonably safe conditions include, but are not limited to, preventing an atmosphere wherein persons could target and/or sexually assault other passengers); and/or

   b. Failure to promulgate and/or enforce adequate policies and/or procedures designed to prevent individuals working aboard the vessel from committing sexual assaults against passengers aboard the vessel; and/or

   c. Failure to promulgate and/or enforce adequate policies and/or procedures designed to prevent individuals working aboard the vessel from targeting passengers; and/or

   d. Failure to adequately train individuals working aboard the vessel; and/or

   e. Failure to adequately supervise individuals working aboard the vessel; and/or

   f. Failure to comply with the requirements under 46 U.S.C. § 3507(b)(1) and (f) of the Cruise Vessel Safety & Security Act; and/or

   g. Failure to implement and/or enforce an adequate safety management system.

38. The above acts and/or omissions caused and/or contributed to the subject incident because, the Plaintiff would not have been sexually assaulted aboard the vessel but for such acts and/or omissions.

39. At all times material hereto, Defendant knew or should have known of the foregoing conditions causing the subject sexual assault and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. This knowledge was or should have been acquired through prior incidents and/or the prevalence of sexual assaults aboard Defendant's cruise ships (as alleged in paragraphs 14-15), which did or should have revealed that a sexual assault and/or rape was reasonably foreseeable. In addition, Defendant was on notice and/or created the dangerous conditions by the lack of warnings and/or supervision and/or security and/or training.

40. As a direct and proximate result of Defendant's negligence, the Plaintiff was injured about Plaintiff's body and extremity, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law and demands trial by jury.

### INCORPORATED MOTION TO PROCEED PSEUDONYMOUSLY

This matter involves the sexual assault and/or rape of Plaintiff, as further detailed above. As such, Plaintiff hereby moves the Court for leave to proceed in this Action pseudonymously, through the name "JANE DOE (C.C.)". Plaintiff respectfully submits that her proceeding pseudonymously here is appropriate, and good cause supports same, based upon the following showing:

First, requiring Plaintiff to disclose her full name will require her to disclose information of the utmost intimacy – that she was the victim of sexual assault/rape. Second, given the allegations herein against the Assailant, Plaintiff reasonably fears that she will be exposed to physical violence at the hands of the Assailant, again, if she is required to proceed under her own name. Third, Plaintiff proceeding pseudonymously here will not prejudice Defendant, as Plaintiff's counsel has already informed Defendant and Defendant's retained Defense Counsel of Plaintiff's full name. Finally, the sexual assault/rape allegedly perpetrated against Plaintiff and disclosure of Plaintiff's full name in connection with same upon the public record will substantially encroach upon Plaintiff's substantial privacy right, which substantially outweighs the customary presumption of openness in judicial proceedings.

For these reasons, Plaintiff respectfully requests that the Court grant Plaintiff leave to proceed in this Action pseudonymously, through the name "JANE DOE (C.C.)"

Dated: February 9, 2021

Respectfully submitted,

LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 S. Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 373-3016
Facsimile: (305) 373-6204

By: */s/ Jacqueline Garcell*
**MICHAEL A. WINKLEMAN**
Florida Bar No. 36719
mwinkleman@lipcon.com
**JACQUELINE GARCELL**
Florida Bar No. 104358
jgarcell@lipcon.com
**L. ALEX PEREZ**
Florida Bar No. 125452
aperez@lipcon.com